UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

(1)  LUIS M. ORTIZ,

                           Plaintiff,

v.

(1)  ALFA LAVAL INDIA PVT. LTD., an Indian Corporation; and

(2)  HIL-TECH, LLC, d/b/a/ GTECH USA, a Texas Limited Liability Company,

                          Defendants.

Case No. 5:19-CV-00869-HE

## FIRST AMENDED COMPLAINT

Plaintiff, Luis Ortiz, for his First Amended Complaint against Defendants alleges and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Luis M. Ortiz, is an adult citizen of the State of New Mexico, residing at (10400 Universe Blvd., Apt. 921, Albuquerque, New Mexico 87114).

2. Defendant Alfa Laval India Pvt. Ltd. ("AL India") is, on information and belief, an Indian corporation with its principal place of business at Office No. 301, Global Port building, Survey No. 45/1-10, Mumbai Bangalore Highway Baner, 411 045 Pune, Maharashtra, India.

3. Defendant Hil-Tech, LLC d/b/a GTech USA ("GTech") is a Texas limited liability company with its principal place of business at 27341 Spectrum Way, Oak Ridge North, Texas 77385.  The registered service agent for GTech is Kevin Bell, located at

27341 Spectrum Way, Oak Ridge North, Texas 77385. Each of the individual members of GTech is a citizen of the State of Texas.

4. Jurisdiction of this Court is founded upon 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Texas County, Oklahoma, which is within this judicial district.

## STATEMENT OF FACTS

6. On or about April 5, 2019, Plaintiff Luis Ortiz was employed by Seaboard Foods Services, Inc., ("Seaboard") working as an operator at a food processing plant in Guymon, Oklahoma.

7. Plaintiff's job responsibilities included working with large, centrifuge machines, also known as centrifugal separators, which Seaboard uses to separate blood components from the blood of pigs processed at its facility in Guymon.

8. One of the component parts of the centrifuge machines is a large "bowl" that is contained underneath a lid or cover. The bowl of the separator rotates at a very high speed and generates great force. At times, Plaintiff was required to open the lid to the separator so that the bowl could be cleaned.

9. On or about April 5, 2019, Plaintiff was directed to clean the bowl of one of Seaboard's centrifuge machines. As Plaintiff opened the lid to access the bowl inside, he was unexpectedly and suddenly caught in, or struck by, the machine and violently thrown

from where he was standing. Plaintiff struck his head and his chest was ripped open, exposing his heart and lungs. Plaintiff sustained painful, debilitating and permanent injuries as a result of the incident.

## COUNT 1 — STRICT PRODUCTS LIABILITY/DEFECTIVE PRODUCT

10. The allegations contained in paragraph nos. 1 - 9 are incorporated herein by reference.

11. Defendant AL India manufactures industrial machinery used in the food processing industry. Defendant AL India manufactures heat transfer, separation and fluid handling machinery, specifically designed for the blood/plasma separation operations performed at Seaboard.

12. On information and belief, Defendant AL India designed and manufactured the Alfa Laval Blood Plasma Separator that is the subject of this suit (hereinafter "Centrifuge").

13. Defendant GTech is a distributor of machinery and equipment manufactured by Defendant AL India. On information and belief, Defendant GTech is the distributor of the Centrifuge.

14. On information and belief, Defendants exercised substantial control over the design, testing, manufacture, maintenance, packaging, or labeling of the Centrifuge, which failed causing Plaintiff's injuries.

15. On information and belief, Defendants designed, manufactured, sold, and/or distributed the Centrifuge to Seaboard.

16. The Centrifuge is defective in its design and manufacture at least because: (1) it failed to incorporate safety features that would prevent injury to users during routine operation and/or service; and (2) the structural, anchoring components supplied by Defendants contained hidden defects that caused a sudden, catastrophic failure during routine operation and/or service.  The Centrifuge was defective and unreasonably dangerous to users, including Plaintiff, at the time it left Defendants' control.

17. The Centrifuge is defective in that Defendants failed to warn users at least with respect to: (1) the provision of instructions on how to safely perform routine operations and/or maintenance on the Centrifuge; and (2) the dangerous propensities of the Centrifuge to react violently during routine operations and/or maintenance.  The Centrifuge was defective and unreasonably dangerous to users, including Plaintiff, at the time it left Defendants' control.

18. The Centrifuge designed, manufactured, sold and/or distributed by Defendants is defective, unreasonably dangerous and was a proximate cause of Plaintiff's physical injuries and resulting damages.

## COUNT 2 —NEGLIGENCE, GROSS NEGLIGENCE AND RECKLESS DISREGARD

19. The allegations contained in paragraph nos. 1 - 18 are incorporated herein by reference.

20. At relevant times, Defendants performed, and/or provided instructions for the performance of, maintenance and repairs on the Centrifuge.

21. In performing, and/or providing instructions for the performance of,

maintenance and repairs of the Centrifuge, Defendants owed a duty to users, including Plaintiff, to exercise reasonable care.

22. Defendants breached their duties by causing, and/or failing to prevent, the Centrifuge from reacting violently when the lid is opened during routine operations and/or maintenance.

23. Defendants knew, or should have known, that the Centrifuge was dangerous to users. Defendants negligently and with reckless disregard failed to maintain, repair, modify and/or remove the Centrifuge from service.

24. Defendants' actions were a proximate cause of Plaintiff's physical injuries and resulting damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual and punitive damages, plus costs, interest, attorney fees and any other relief which this Court may deem proper.

Respectfully Submitted,

s/*Toby M. McKinstry*
TOBY M. MCKINSTRY, OBA #17401
JEFFERSON I. RUST, OBA #16722
TOMLINSON MCKINSTRY, P.C.
Two Leadership Square, Suite 450
211 North Robinson Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 606-3350
Facsimile: (866) 633-6162
tobym@tmoklaw.com
jeffr@tmoklaw.com
*Attorneys for Plaintiff*

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**